UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION


JOANIE SANDERS                                  CASE NO.  6:25-CV-00223

VERSUS                                          JUDGE DEE D. DRELL

COMMISSIONER OF SOCIAL SECURITY     MAGISTRATE JUDGE DAVID J. AYO


## MEMORANDUM RULING AND ORDER

Before the Court is an APPLICATION FOR ATTORNEY'S FEES PURSUANT TO 28 USC 2412 filed by Appellant Joanie Sanders pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  [Doc. 16].  The motion is unopposed.

Sanders filed an application for disability insurance benefits and supplemental security income on September 18, 2019, and her application was denied on December 22, 2022, and upon reconsideration on May 2, 2023.  [Doc. 6-1 at pp. 438-446].  Her application was denied initially on December 26, 2019 [*Id.* at pp. 97-122], and upon reconsideration on June 19, 2020 [*Id.* at pp. 123-152].  Three administrative law judge hearings were held.  [*Id.* at pp. 40-55, pp. 77-96, pp. 56-76].  After the third hearing was held on August 27, 2024, [*Id.* at pp. 56-76] the ALJ issued a decision on September 13, 2024.  [*Id.* at pp. 20-32].  On November 6, 2024, Sanders appealed the decision. [*Id.* at pp. 434-436]. Her request for review was denied on December 19, 2024.  [*Id.* at pp. 7–10].

On February 21, 2025, Sanders filed a Complaint seeking this Court's review of the decision.  [Doc. 1].  On March 5, 2026, the undersigned issued a Report and Recommendation recommending reversal of the administrative decision and remand of the case for further administrative proceedings.  [Doc. 14].  On April 8, 2026, the Court adopted the Report and

1

Recommendation by final judgment, reversing and remanding the case. [Doc. 15]. The instant application for attorneys' fees followed. [Doc. 16].

Sanders seeks a total of $3,850.00 in fees at the attorney rate of $200.00 per hour for 19.25 hours. [Doc. 16]. In support of this request, the Sanders' counsel, Edward J. Cloos, III, submitted a schedule describing the services performed on her behalf and the time billed in connection with each task in minimal increments of .10 hour. [Doc. 16-2].

### *Applicable Standard*

The Equal Access to Justice Act ("EAJA" or "Act") provides that a court "shall award to a prevailing party… fees and other expenses… unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Act thus places the burden on the Commissioner to show that the stated statutory exceptions make an award of fees and expenses inappropriate. *Martin v. Heckler*, 754 F.2d 1262, 1264 (5th Cir. 1985). A party who wins a sentence-four remand is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993); *Breaux v. United States Dep't of Health & Human Servs.*, 20 F.3d 1324 (5th Cir. 1994). Since Sanders is a prevailing party, and the Commissioner does not oppose an award of fees, the undersigned finds that an award of fees is appropriate.

### *Reasonable Hourly Rate*

The hourly rate at which an attorney fee award under the EAJA is calculated is determined "according to prevailing market rates in the relevant legal market." *Hopwood v. Texas*, 236 F.3d 256, 281 (5th Cir. 2000). Where the prevailing market rate exceeds the $125.00 statutory cap, the court must examine whether "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings

involved, justifies a higher rate." 28 U.S.C. § 2412(d)(2)(A)(ii).

Sanders seeks attorney fees at the rate of $200 per hour. [Doc. 19]. Considering counsel's time and expertise, as well as relevant Consumer Price Index information for the years 2025 and 2026, this Court finds the requested hourly fee to be reasonable. https://www.bls.gov/news.release/cpi.t01.htm. Additionally, this Court notes that the Western District of Louisiana has previously approved an hourly rate of $200 in EAJA fee award rulings. *Wright v. Comm'r of Soc. Sec. Admin.*, 2025 WL 3164482 at * 1 (W.D. La. 2025) (citing *Carr v. Kajikazi*, 2023 WL 3168676 at * 3 (W.D. La. 2023), adopted by, 2023 WL 3168343 (W.D. La. 2023)); *Bertrand v. Comm'r of Soc. Sec. Admin.*, 2025 WL 2723443 at *2 (W.D. La. 2025).

### *Reasonable Hours Expended*

The Commissioner does not oppose the claimed number of hours. Furthermore, the undersigned concludes that 19.25 hours is a reasonable number of hours to expend on this type of case.

### *Johnson Analysis*

Having determined the lodestar by establishing the prevailing market rate and hours reasonably expended, the next step requires the Court to analyze the twelve factors set forth in *Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds by, *Blanchard v. Bergeron*, 489 U.S. 87 (1989). The lodestar is presumptively reasonable and should be modified only in exceptional cases. *Combs v. City of Huntington, Texas*, 829 F.3d 388, 392 (5th Cir. 2016) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010)). In this case, the lodestar is $200.00 x 19.25 hours, or $3,850.00.

Under *Johnson*, courts should consider the impact of the following factors on the lodestar:

(1)    the time and labor required,
(2)    the novelty and difficulty of the question,
(3)    the skill required of the attorney,
(4)    the preclusion of other work,
(5)    the customary fee,
(6)    whether the fee is fixed or contingent,
(7)    time limitations imposed,
(8)    the amount involved and result obtained,
(9)    the experience, reputation, and ability of the attorney,
(10)   the "undesirability" of the case,
(11)   the nature and length of the professional relationship with the client, and
(12)   awards in similar cases.

*Johnson*, *supra*, at 718–19.

Factors 1, 3, 8, 9, and 12 are reflected in the lodestar. *Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761 (5th Cir. 1996) (cautioning against double-counting *Johnson* factors already represented by the lodestar). No evidence before this Court indicates that an adjustment of the lodestar under factors 2, 4, 5, 6, 7, 10, or 11 is warranted in this case.

For the foregoing reasons,

**IT IS ORDERED** that the APPLICATION FOR ATTORNEY'S FEES PURSUANT TO 28 USC 2412 [Doc. 16] is GRANTED, such that the sum of $3,850.00, representing attorney fees calculated at the attorney rate of $200.00 per hour for 19.25 hours, shall be paid to the Appellant Joanie Sanders' attorney, Edward J. Cloos, III, pursuant to the assignment executed between the Sanders and Cloos. [Doc. 16].

Accordingly, the Commissioner of the Social Security Administration shall forward a check payable to Edward J. Cloos, III, in the amount of $3,850.00, minus any administrative

4

offsets,[1] pursuant to 28 U.S.C. § 2412(d)(1)(A) within 45 days of the issuance of this Order.

SO ORDERED this 8th day of July, 2026, at Lafayette, Louisiana.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**

---

1    31 C.F.R. §§ 285.5(e)(6)(i) and (ii)(C).